**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1835**

———————

DEVIN JAMES MARAVEL,

        Plaintiff – Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant – Appellee.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cv-00624-CCE-LPA)

———————

Argued:  January 26, 2023                            Decided:  February 10, 2023

———————

Before KING and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:**  David Randolph Paletta, Durham, North Carolina, for Appellant.  David E. Somers, III, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.  **ON BRIEF:**  Brian O'Donnell, Regional Chief Counsel, Charles Kawas, Supervisory Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Sandra J. Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devin James Maravel applied at age 18 for supplemental security income and disabled adult child's benefits. An ALJ held a hearing and then determined that Maravel was not disabled and therefore not entitled to benefits. After exhausting his administrative appeals, Maravel filed a complaint in federal court. The district court granted a motion for judgment on the pleadings affirming the denial of benefits. Maravel then filed this appeal. For the reasons set forth within, we now affirm.

We review a district court's grant of a motion for judgment on the pleadings de novo. *See Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018). We will affirm an ALJ's disability determination "when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

To determine whether an individual is disabled, and therefore entitled to Social Security Disability (SSD) benefits, an ALJ uses a multi-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). After "the ALJ asks at step one whether the claimant has been working; [and] at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, [the ALJ determines] whether the medical impairments meet or equal an impairment listed in the regulations . . . ." *Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). When evaluating mental disorders at step three the ALJ rates the claimant's limitations in four areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others;

2

(3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself. 20 C.F.R. Pt. 404, subpt. P, app. 1 § 12.00A.2.b. The ALJ uses a five-point rating scale consisting of none, mild, moderate, marked, and extreme limitation. *Id.* § 12.00F.2. To meet or equal a mental disorder listed in the regulations, a claimant must have an extreme limitation in one or marked limitation in two of these areas. *Id.* § 12.00A.2.b. If the claimant satisfies this standard he is presumptively disabled and entitled to benefits. 20 C.F.R. § 404.1520(a)(4).

If a claimant's medical impairments do not meet or equal an impairment listed in the regulations, and therefore entitle him to presumptive disability, the ALJ must determine a claimant's residual functional capacity (RFC). *Id.* The RFC is a measure of the most a claimant can still do despite his impairments. *Id.* After determining a claimant's RFC, the ALJ will consider whether the claimant can perform his past relevant work and, if not, whether jobs that the claimant can perform "exist in significant numbers in the national economy." *Id.* § 404.1560(c).

Maravel argues that the ALJ erred in ruling that his mental impairments do not meet the listing criteria for presumptive disability at step three, by finding that his functional limitations are mild or moderate, and not marked or severe. He also asserts that the ALJ erred in calculating his RFC as it pertains to his mental health. Maravel contends that both the step three and RFC determinations conflict with record evidence of his mental impairments. He specifically argues that these rulings conflict with records he submitted from a school he attended in his teenage years and from medical providers he has seen since he submitted his application at age 18.

Although the records that Maravel focuses on indicate a high degree of impairment in some areas relevant to his ability to work, other evidence in the record shows less severe limitations and supports the ALJ's findings that, overall, Maravel's impairments do not warrant presumptive disability or a more limited RFC calculation. In reviewing the decisions of the ALJ, we do not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). When faced with conflicting evidence in the record, the responsibility to decide which evidence to credit lies with the ALJ. *Id.*

If substantial evidence in the record supports an ALJ's determination, we do not second guess the ALJ's decisions resolving conflicts in the record evidence. Here there is substantial evidence in the record to support the ALJ's determination that Maravel's impairments do not meet the step three listing criteria and to support the ALJ's calculation of his RFC. Thus, we affirm the judgment of the district court.

*AFFIRMED*